**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTONIO SUAREZ-PEREZ,<br><br>Petitioner,<br><br>v.<br><br>RAYMOND ROYCE, et al.,<br><br>Respondents. | Civil Action No. 21-15948 (MAS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on the petition for a writ of habeas corpus filed by Petitioner Antonio Suarez-Perez pursuant to 28 U.S.C. § 2254. (ECF No. 1.) As Petitioner has paid the filing fee, this Court is required by Rule 4 of the Rules Governing Section 2254 Cases to screen Petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

In his habeas petition, Petitioner asserts that he wishes to challenge his 2012 state court conviction, but provides few details about the nature of that conviction, and utterly fails to set forth any claims he wishes to raise or facts supporting such claims. (*See* ECF No. 1 at 2-16.) Pursuant to Rule 2(c) of the Rules Governing Section 2254 Cases, a habeas petition brought pursuant to § 2254 must "specify all the grounds for relief available to the petitioner [and] state the facts supporting each ground." Motions which provide no more than "vague and conclusory grounds

for habeas relief are subject to summary dismissal" under the rule. *Anderson v. Pa. Attorney Gen.*, 82 F. App'x 745, 749 (3d Cir. 2003); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000); *United States v. Dawson*, 857 F.2d 923, 928 (3d Cir. 1988). As Petitioner has failed to provide any factual allegations or claims for relief whatsoever, his habeas petition fails to meet the requirements of Rule 2(c), and must be dismissed as such. *Anderson*, 82 F. App'x at 749. Petitioner's habeas petition is therefore dismissed without prejudice. Petitioner shall be provided leave, however, to file an amended habeas petition setting forth any claims he may have and the facts underlying those claims within thirty days.

Because Petitioner will be provided the opportunity to file an amended petition, the Court further notes that Petitioner failed to use the required form in filing his current, deficient petition. Pursuant to Local Civil Rule 81.2, "unless prepared by counsel, petitions to this Court for a writ of *habeas corpus* . . . shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk." L. Civ. R. 81.2(a). As Petitioner did not use the habeas form supplied by the Clerk for section 2254 petitions, *i.e.*, AO 241 (modified):DNJ-Habeas-008(Rev.01-2014), his current petition fails to comply with Local Rule 81.2. Should Petitioner choose to file an amended petition setting forth his claims for relief, he must do so using the required form. Failure to use the required form may result in his amended petition being terminated until such time as Petitioner complies with the local rules.

In conclusion, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to comply with the Rule 2(c). An appropriate order follows.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE