**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTONIO SUAREZ-PEREZ,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>RAYMOND ROYCE, et al.,<br><br>　　　　　　Respondents. | Civil Action No. 21-15948 (MAS)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

　　This matter comes before the Court on the Amended Petition seeking a writ of habeas corpus (ECF No. 5) and Motion seeking the appointment of counsel (ECF No. 6) filed by Petitioner Antonio Suarez-Perez. Having reviewed the Amended Petition for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and having determined that dismissal of this matter prior to the filing of an answer is not warranted, this Court will direct Respondents to file an answer to the Petition.

　　In his Motion seeking the appointment of counsel, Petitioner contends that this Court should appoint him counsel as he speaks Spanish while not all paralegals in his prison do, he lacks certain documents from his state court record, and is indigent. "There is no Sixth Amendment right to appointment of counsel in habeas proceedings." *Shelton v. Hollingsworth*, No. 15-1249, 2015 WL 2400780 at *3 (D.N.J. May 18, 2015). A district court may, however, appoint counsel under 18 U.S.C. § 3006A(a)(2)(B) where the petitioner has shown that he is indigent and "the interests of justice so require." *Id.* (quoting 18 U.S.C. § 3006A). Under the statute, "the district court must first decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel

will benefit the petitioner and the court." *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991). In determining whether the appointment of counsel will benefit the petitioner and the court, the court should look to three factors: the likelihood of success on the merits, the complexity of the legal issues involved, and the ability of the petitioner to investigate and present his case. *See, e.g., Shelton*, 2015 WL 5116851 at *2.

Although Petitioner asserts that he is indigent in his Motion, and suggests that he was previously found to be indigent in state court, he has provided the Court with no documents supporting that assertion – he has not filed a proper *in forma pauperis* application, nor has he provided the Court with any sort of certified account statement or financial records indicating his lack of funds. This Court therefore cannot find that he is indigent, and this Court therefore cannot grant his counsel Motion. *Id.* Even had Petitioner properly shown his indigence, however, the Court finds that the appointment of counsel would not be warranted at this time. The Court specifically notes that this Court will specifically order Respondents to provide a full copy of Petitioner's criminal court and appellate records, and Petitioner's current lack of those records will therefore be of little hindrance to his efforts here, and little to no investigation will be necessary in this habeas matter which depends entirely on the developed state record. Likewise, although Petitioner asserts that his language issue has limited his access to prison paralegals, his current Amended Petition has clearly presented four grounds for relief – which suggests that Petitioner has at least some ability to present his own claims to this Court, none of which are especially complex. This Court therefore finds that the interests of justice would not support the appointment of counsel at this time even had Petitioner shown his indigence, and Petitioner's Motion seeking the appointment of counsel (ECF No. 6) is denied without prejudice.

This Court having reviewed Petitioner's Amended Petition and Motion, and for the reasons set forth above,

IT IS, on this 27th day of October, 2021, **ORDERED** as follows:

1. The Clerk of the Court shall re-open this matter.

2. Petitioner's Motion seeking the appointment of counsel (ECF No. 6) is **DENIED WITHOUT PREJUDICE**.

3. The Clerk of the Court shall serve, pursuant to Rule 4 of the Habeas Rules, a Notice of Electronic Filing of this Order on the State of New Jersey, Department of Law & Public Safety, Division of Criminal Justice, Appellate Bureau ("the Bureau"), in accordance with the Memorandum of Understanding between this Court and the Bureau.

4. In accordance with the Memorandum of Understanding, if the Bureau intends to refer the action to a County Prosecutor's Office, the Bureau will use its best efforts to upload to CM/ECF a "referral letter" indicating the name of that office within fourteen (14) calendar days from the date of the Order to Answer.

5. Where the Amended Petition appears to be untimely under the Antiterrorism and Effective Death Penalty Act of 1996, within forty-five (45) days of the date this Order is filed, Respondents may file a Motion to Dismiss, provided that the motion: (1) attaches exhibits that evince all relevant state court filing dates; (2) contains legal argument discussing pertinent timeliness law; and (3) demonstrates that an Answer to the merits of the petition is unnecessary.

6. If a Motion to Dismiss is filed, Petitioner shall have thirty (30) days to file an opposition brief, to which Petitioner may attach any relevant exhibits.

7. If Petitioner files an opposition, Respondents shall have ten (10) days to file a reply brief.

8. If the Motion to Dismiss is subsequently denied, the Court will then direct Respondents to file a full and complete answer to all claims.

9. If Respondents do not file a Motion to Dismiss the Amended Petition, they shall file a full and complete answer to all claims asserted in the Petition within forty-five (45) days of the entry of this Order.

10. Respondents' answer shall respond to each factual and legal allegation of the Amended Petition, in accordance with Habeas Rule 5(b).

11. Respondents' answer shall address the merits of each claim raised in the Amended Petition by citing to relevant <u>federal</u> law.

12. In addition to addressing the merits of each claim, Respondents shall raise by way of its answer any appropriate defenses which they wish to have the Court consider, including, but not limited to, exhaustion and procedural default, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate federal legal authority; all non-jurisdictional affirmative defenses subject to waiver not raised in Respondents' answer or at the earliest practicable moment thereafter may be deemed waived.

13. Respondents' answer shall adhere to the requirements of Habeas Rule 5(c) and (d) in providing the relevant state court record of proceedings, including any pro se filings.

14. The answer shall contain an index of exhibits identifying each document from the relevant state court proceedings that is filed with the answer.

15. Respondents shall electronically file the answer, the exhibits, and the list of exhibits.

16. All exhibits to the answer must be identified by a descriptive name in the electronic filing entry.

17. Petitioner may file and serve a reply to the answer within forty-five (45) days after Respondents file the answer, <u>see</u> Habeas Rule 5(e).

18. Within seven (7) days after any change in Petitioner's custody status, be it release or otherwise, Respondents shall electronically file a written notice of the same with the Clerk of the Court.

19. The Clerk of the Court shall serve a copy of this Order upon Petitioner by regular mail.

> _/s/ Michael A. Shipp_
> **MICHAEL A. SHIPP**
> **UNITED STATES DISTRICT JUDGE**